<div style="text-align:left; font-weight:bold;">
United States District Court<br>
For the Northern District of California
</div>

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  WILLIAM HELM, et al.,                                No. C 08-01184 SI

9          Plaintiffs,                        **ORDER DENYING DEFENDANT'S
                                               MOTION TO SEVER WITHOUT**
10  v.                                         **PREJUDICE**

11  ALDERWOODS GROUP, INC,

12          Defendant.
                                          /
13

14          Defendant's motion to sever is currently set for hearing on June 4, 2010. Pursuant to Civil Local

15  Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby

16  VACATES the hearing.[1] Having considered the papers submitted, and for good cause shown, the Court

17  DENIES defendant's motion without prejudice to renewal at a later date.

18

19                                    **DISCUSSION**

20          The subject of this litigation is a wage and hour dispute brought by current and former

21  employees of Alderwoods Group, Inc. ("Alderwoods"), a provider of funerary services. On December

22  29, 2009, the Court issued an order denying plaintiffs' motion for class certification. (Docket No. 230).

23  In the motion now before the Court, Alderwoods seeks an order severing the claims of each of the more

24  than 100 named plaintiffs pursuant to Federal Rule of Civil Procedure 21. Alderwoods asks that the

25  Court sever plaintiffs' claims, dismiss all plaintiffs except lead plaintiff William Helm, and require each

26  individual plaintiff, including Mr. Helm, to file separate complaints in separate actions.

27

28          [1] The case management conference set for 3:00 p.m. on June 4, 2010 will remain on calendar.

**United States District Court**
For the Northern District of California

1    Federal Rule of Civil Procedure 20 provides that multiple plaintiffs may join in a single action

2    if (1) they assert a right to relief that arises "out of the same transaction, occurrence, or series of

3    transactions or occurrences," and (2) they raise "any question of law or fact common to all plaintiffs."

4    Fed. R. Civ. P. 20(a)(1). "If the test for permissive joinder is not satisfied, a court, in its discretion, may

5    sever the misjoined parties, so long as no substantial right will be prejudiced by the severance."

6    *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *see also* Fed. R. Civ. P. 21 ("[T]he court may

7    at any time . . . sever any claim against a party."). Even if the permissive joinder requirements are met,

8    the court may sever to avoid delay, jury confusion, or prejudice to the moving party. Fed. R. Civ. P.

9    20(b); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

10    In the Court's view, Alderwoods has raised serious issues with respect to the propriety of the

11    joinder of more than 100 plaintiffs in this action. However, in light of plaintiffs' representation that they

12    need further time to conduct additional discovery for the purpose of renewing their motion for class

13    certification, the Court believes that granting severance at this time would be premature. Alderwoods'

14    motion to sever is therefore DENIED. The denial is without prejudice to renewal if plaintiffs have not

15    filed their renewed motion for class certification within sixty days from the date of this order.

16

17    **CONCLUSION**

18    Defendant's motion to sever is DENIED without prejudice. (Docket No. 232).

19

20    **IT IS SO ORDERED.**

21    Dated: May 28, 2010

      SUSAN ILLSTON

22          United States District Judge

23

24

25

26

27

28

2